UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY ANNE CHRISTIE, | : | Case No. 1:21-cv-45 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| KEURIG GREEN MOUNTAIN, INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER RESOLVING PENDING MOTIONS**

This civil case is before the Court on Plaintiff's motion to amend the complaint (Doc. 30) and the parties' responsive memoranda (Docs. 36, 38); Plaintiff's motion to retroactively amend the calendar (Doc. 31) and the parties' responsive memoranda (Docs. 37, 40);[1] and Plaintiff's motion to unseal the conceal of misconduct not protected by "proprietary protection" (Doc. 32) and the parties' responsive memoranda (Doc. 39, 42).

**I. BACKGROUND**

On December 9, 2020, Plaintiff Mary Anne Christie initiated this product liability action against Defendants Keurig Green Mountain, Inc., Keurig Dr. Pepper, Inc., and Keurig Dr. Pepper Holdings, Inc. (collectively, "Keurig"). (Doc. 2). Specifically, Christie alleges that she sustained injuries when, after she opened the K-Pod

---

[1] Keurig filed its response in opposition on February 15, 2023. (Doc. 37). Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), Christie had fourteen days, until March 1, 2023, to submit her reply, making her March 3 reply untimely. (Doc. 40). With discretion, the Court will consider Christie's reply. However, Christie is **NOTIFIED** that future, late filings will not be considered.

compartment of her Keurig coffee brewer, "scalding-hot coffee grounds and water exploded onto her face." (*Id.* at ¶ 6).

After Christie initiated this action, the Court set a calendar. However, from the start, the case proceeded poorly due to, in part, Christie's failure to serve formal, written discovery; Keurig's failure to timely communicate with regard to discovery; Christie's failure to move to extend deadlines or seek court intervention; and Keurig's failure to respond to requests for discovery (whether informal or formal).[2]

As the case proceeded, and after about a year of litigation, Keurig submitted a motion for summary judgment. (Docs. 13, 16). Christie did not respond to the merits of the motion, instead contending that summary judgment should be denied pursuant to Federal Rule of Civil Procedure 56(d) because Keurig had withheld necessary discovery. (Docs. 14, 15, 18). The Court denied Keurig's motion for summary judgment and granted Christie leave to conduct additional, limited discovery, finding that Keurig had abused its discovery obligations and that additional discovery should be granted almost as a matter of course. (Doc. 24). With regard to the additional discovery, the Court specifically granted Christie leave to seek supplemental responses to her discovery requests already propounded on Keurig. The Court also set a new calendar, which calendar was agreed to by the parties. (Doc. 26).

Since the Court granted Christie leave to conduct additional discovery, the Court has held multiple status and discovery conferences with the parties. (*E.g.*, 10/31/2022

---

[2] The Court provided a more detailed history of the procedural posture leading to Keurig's motion for summary judgment when denying that motion. (Doc. 24 at 1-5).

2

Min. Entry and Not. Order; 11/04/2022 Not. Order; 12/13/2022 Min. Entry and Not. Order; 1/3/2023 Min. Entry and Not. Order; 2/6/2023 Min. Entry and Notation Order). Throughout those conferences, the following has occurred.

First, Keurig did not produce any additional documents, maintaining that its original production was fully responsive to Christie's requests. Christie complained that she did not know which documents were responsive to which requests, so the Court ordered Keurig to supplement its discovery responses by detailing which documents were responsive to which requests.

Second, the Court allowed additional discovery. Keurig agreed to provide Christie with a specific date of when her Keurig model was produced and to produce its expert report. With Keurig's consent, Christie was granted leave to notice and take the depositions of Keurig's expert and a 30(b)(6) designee. Christie was also ordered to make her Keurig unit available for inspection by Keurig's expert.

Third, the Court learned that Christie wished to submit a consumer report to a government agency, alleging that Keurig has deceived consumers, discussed *infra*. As part of that report, Christie wished to submit documents that were produced to her during the litigation. And, to Keurig's opposition, requested a court order that allowed her to breach the parties' protective order.

Finally, Christie began asserting that Keurig has deceived her, this Court, and other consumers. <u>From what the Court understands</u>, Christie argues that, after receiving Keurig's expert report and her units manufacturing date, she discovered that her Keurig coffee brewer, which she believed to be a model K-15, is not a K-15. Instead, her unit is

3

a rebranded and recalled model K-10 and/or a model manufactured without fixing the recalled issues. Christie asserts that Keurig has fraudulently deceived her and this Court by maintaining that her model was a K-15 not subject to the recall and refusing to produce any discovery related to the K-10. And Christie claims that Keurig has deceived all consumers by selling K-15 models that suffered from the same defect as the recalled K-10 models.

## II. STANDARDS OF REVIEW

### A. Motion to Amend Calendar

A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)) (alteration in original). An "important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (internal quotation marks omitted).

### B. Motion to Amend Complaint

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to

4

amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Coe*, 161 F.3d at 341. In the absence of any of these findings, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Ultimately, determination of whether justice requires the amendment is entrusted to the sound discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

### III. ANALYSIS

**A. Motion to Amend Calendar**

The Court starts with Christie's motion to amend the calendar and the parties' responsive memoranda. (Docs. 31, 37, 40). Christie argues that a new calendar should be set as if this case were only just filed due to the newly discovered evidence of Keurig's alleged fraud. (Doc. 31). Keurig argues that there is no good cause to modify the scheduling order because Christie was not diligent when meeting any deadlines. (Doc. 37). Specifically, Keurig suggests that the information that Christie claims is the basis of her fraud claim was contained in the documents that Keurig produced in January 2022; thus, Christie has failed to diligently meet any deadlines and Keurig would be prejudiced by a renewed calendar. (*Id.*) In response, Christie proposes that she could not have discovered what she discovered until she knew her unit's manufacturing date, which was not disclosed until recently, when ordered by the Court. (*E.g.*, Doc. 40).

The Court finds good cause to issue a new calendar order, that any prejudice faced by Keurig is minimal, and that any prejudice faced by Keurig was caused (at least in part) by Keurig.  There has been significant disconnect between the parties on discovery in this case.  Christie, albeit in an informal and not always clear fashion, requested discovery.  Keurig has delayed responding, often responding after a deadline or at the latest possible moment.  Keurig has also seemingly provided the most minimal discovery, often waiting until ordered by the Court to produce more discovery.  On the other hand, Christie has purported since the beginning of this case that she has an expert.  Yet Christie has failed to ever produce an expert report (which report could have indicated what information was missing), and instead relied on her counsel's understanding of Keurig's document production to support her claims.

Thus, given the disputes between the parties, the Court finds good cause to issue a new calendar order.  Moreover, it is well established that, as a general rule, cases should be decided on the merits and not procedural technicalities.  And, issuing a new calendar will allow the case to be decided on the merits—whether ultimately for Christie or Keurig.  Accordingly, Christie's motion to amend the calendar is **GRANTED**.  Within **fourteen (14) days** of this Order, the parties shall confer and submit a new Rule 26(f) Report in accordance with this Court's standing orders.  Once the Report is submitted, a new calendar order shall issue.

With the new calendar order, both parties are afforded the opportunity to conduct additional discovery within the limits of the federal rules.  For example, Christie may: (i) serve formal, written discovery requests that comply with the federal rules, *e.g.*, Fed.

R. Civ. P. 26, 33, 34; (ii) take the deposition of Keurig's expert; (iii) notice a deposition that complies with Fed. R. Civ. P. 30(b)(6); and (iv) produce an expert report. Keurig may also take additional discovery and assert any proper objections to the requested discovery. **The Court expects all counsel to be professional, timely respond to communications, and respond to discovery requests in good faith.**

Moreover, with the new calendar order, the Court puts the parties on notice.

Notice to Defendants. Defendants have previously represented to opposing counsel and to the Court that Defendants would ensure that all responsive information was being produced. Yet, Defendants have merely produced one batch (approximately 500 pages) of documents and their expert report. The Court reminds Defendants that Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is **extremely broad**. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). And, "[t]he scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499, 500–01 (6th Cir. 1970).

Notice to Plaintiff. Plaintiff is making significant allegations that Keurig has perpetuated fraud on her, this Court, and consumers. But Plaintiff has not taken advantage of the discovery she has been provided. The Court granted Plaintiff leave—with Keurig's consent—to take a 30(b)(6) deposition and the deposition of Keurig's expert. Christie was also ordered to make her unit available to Keurig's expert for

7

inspection, at which inspection she (and her counsel and expert) have a right to be present. However, to the Court's knowledge and as of the date of this Order, Christie had not taken advantage of these opportunities. Moreover, Plaintiff has been given great leniency in her failure to serve formal discovery requests, failure to meet deadlines, failure to timely seek extensions of time, and failure to timely submit documents. Thus, Plaintiff is reminded that rules serve a purpose, and Plaintiff is advised that further failure to comply with the Federal Rules and the Local Rules may result in the imposition of sanctions, including dismissal of the complaint <u>with</u> prejudice.[3]

Notice to both parties. Once a new calendar is set, **the Court will not extend the scheduling order absent extraordinary circumstances**. If extraordinary circumstances present, the party seeking an extension must submit a motion meeting the following criteria: (i) the motion must be made at least three days <u>prior</u> to the deadline that cannot be met; (ii) the motion must indicate the additional amount of time sought; (iii) the motion must indicate that the moving party conferred with opposing counsel, when the moving party conferred with opposing counsel, and whether the request for extension it is opposed; and (iv) if the motion is opposed, the motion must explain the *extraordinary* circumstances why the deadline cannot be met.

---

[3] Plaintiff's counsel has made it a habit to include screen shots of information, presumably evidentiary support, in his memoranda. (*See* Docs. 30, 31, 32, 39, 40, 41). In future memoranda, Plaintiff **SHALL** adhere to S.D. Ohio Civ. R. 7.2(b), which rule details how a party should cite to the record, what evidence a party may rely upon when supporting or opposing a motion, and how to include evidence in support of or in opposition to any motion.

B. **Motion to Amend Complaint**

The Court next considers Christie's motion to amend the complaint and the parties' responsive memoranda. (Docs. 30, 36, 38). Specifically, Christie seeks to add claims of "unconscionable misconduct and fraud by deception." (Doc. 30 at 6).

Christie's motion for leave to file an amended complaint is challenging. Christie failed not attach a proposed amended complaint to her motion. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."). And, in this instance, Christie's failure to attach a proposed amended complaint is particularly problematic because the Court cannot tell whether Christie's amendment would be futile.

For example, to the extent Christie's alleged fraud claim is within the scope of her product liability claim, such claim has been abrogated by Ohio's Product Liability Act, making any amendment futile. Ohio Rev. Code 2307.71(B) ("Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action."); *but see Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL 2491965, at *8 (S.D. Ohio June 17, 2008) ("The claims of active misrepresentation are not necessarily abrogated by the OPLA because they may implicate the more general duty not to deceive."). Additionally, to the extent Christie is attempting to bring a fraud claim outside the scope of the OPLA, such claim must be pled with particularly. Fed. R. Civ. P. 9(b); see also *Stratford*, 2008 WL 2491965, at *9 (dismissing fraud claim without prejudice for failure to specifically plead fraud arising

9

from alleged misrepresentation). And, without a proposed amended complaint, the Court is unable to determine whether such standard may be met.

Accordingly, given Christie's failure to submit a proposed amended complaint, and given the forthcoming new calendar order, Christie's motion for leave to file an amended complaint is **DENIED without prejudice**.

### C. Motion to Unseal the Conceal of Misconduct Not Protected by "Proprietary Protection" (Doc. 32)

Last, the Court addresses Christie's "motion to unseal the conceal of misconduct not protective by 'proprietary protection,'" and the parties' responsive memoranda. (Docs. 32, 39, 42). In essence, Christie seeks relief from "the parties' protective order" and the ability to publicly use documents produced and marked confidential.

The Court finds that Christie's motion is premature. Despite both parties' acquiescence to the protective order and continued reliance on the protective order, <u>no party has ever requested the Court to enter the protective order.</u> However, given that continued agreement to abide by the terms of the stipulated protective order, the Court hereby **ENTERS** the stipulated protective order.[4] And, having now entered the stipulated protective order and given the order's terms, Christie's motion is premature.

---

[4] Stipulated protective orders, also known as blanket protective orders, have become "routine and essential to modern litigation, and are usually entered by the Court after the parties have agreed to their terms." *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.*, No. 1:13CV230, 2017 WL 3314660, at *4 (S.D. Ohio Aug. 3, 2017) (citation omitted). A stipulated protective order "allows the parties to designate certain information as confidential without the need for the Court to review each piece of information before that designation." *Id.* "To comport with Rule 26(c), however, even an agreed blanket protective order requires a party to designate documents 'confidential' in good faith and subject to the power of other parties to challenge such designations." *Id.* (collecting cases).

Keurig has designated certain documents as confidential. Christie disputes some of those designations. Pursuant to the protective order, before the Court considers whether any documents are inappropriately designated confidential, the parties must confer, and Keurig must assess whether redaction is a viable alternative. (*See* Stipulated Protective Order at ¶ 12). Then, to the extent Keurig and Christie cannot agree, it is Keurig's burden, as the designating entity, to file a motion pursuant to Rule 26(c).[5]

Accordingly, Christie's "motion to unseal the conceal of misconduct not protected by 'proprietary protection'" (Doc. 32) is **DENIED without prejudice**.

## IV.  CONCLUSION

Based upon the foregoing:

1. Plaintiff's motion to amend the calendar (Doc. 31) is **GRANTED**. Within fourteen (14) days of this Order, the parties shall confer and submit a Rule 26(f) Report.[6]

2. Plaintiff's motion for leave to file an amended complaint (Doc. 30) is **DENIED without prejudice**.

3. Plaintiff's "motion to unseal the conceal of misconduct not protected by 'proprietary protection'" (Doc. 32) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Date:  6/26/2023

Timothy S. Black
United States District Judge

---

[5] To the extent Christie is seeking an order allowing her to disclose the information to a governmental agency, Paragraph 11 of the stipulated protective order prohibits a party for voluntarily disclosing any confidential information "to any state or federal law enforcement or regulatory agency" unless "otherwise commanded by law," such as "a valid order or subpoena from a law enforcement or regulatory agency."

[6] *See* https://www.ohsd.uscourts.gov/judge-timothy-s-black-standing-orders.

11